UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS J. BARROSO,

        Plaintiff,

      v.

M. GAMBOA, et al.,

        Defendants.

Case No. 17-01033 EJD (PR)

**ORDER OF DISMISSAL**

      Plaintiff, a California state prisoner, filed the instant <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983 against officials at Pelican Bay State Prison ("PBSP").[1]  The Court dismissed the complaint with leave to amend.  (Docket No. 8.)  Plaintiff filed an amended complaint.  (Docket No. 9.)

**DISCUSSION**

**A.**    **<u>Standard of Review</u>**

      A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] This matter was reassigned to this Court on March 9, 2017, after Plaintiff declined to consent to magistrate jurisdiction.  (<u>See</u> Docket Nos. 4 & 6.)

United States District Court
Northern District of California

governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>See id.</u> § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

## B.    <u>Plaintiff's Claims</u>

Plaintiff claims that his right to due process was violated during disciplinary proceedings for a Rules Violation Report ("RVR") which he claims is invalid due to lack of evidence to support the guilty finding. (Docket No. 9 at 4.) Plaintiff claims that Defendants violated his rights when they used the RVR in connection with his subsequent validation as an active gang member. (<u>Id.</u> at 5.) According to the attached copy of the RVR and disciplinary hearing report, Plaintiff was assessed 30 days forfeiture of credit for the guilty finding. (<u>Id.</u> at 26.) Plaintiff seeks damages. (<u>Id.</u> at 6.)

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983. <u>Id.</u>; <u>see also</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 645 (1997) (claim arising from loss of good credits in disciplinary proceeding subject to <u>Heck</u> if success in 1983 case would result in shortened sentence).

2

1   Plaintiff filed an inmate grievance seeking a reversal of the RVR and restoration of

2   credits which was denied on the merits at the Director's Level of Review.  (Docket No. 9

3   at 68-69.)  Petitioner also filed a petition for writ of habeas corpus in state superior court

4   challenging the disciplinary hearing.  (Id. at 74-75.)  The petition was denied by the state

5   superior court, as well as the state appellate and supreme courts.  (Id. at 77-78, 84, 85.)

6   Accordingly, it is clear that the RVR has not been invalidated, so the claims for damages

7   also must be dismissed.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.

8   1995) (claims barred by Heck may be dismissed sua sponte without prejudice).

9

10                                    **CONCLUSION**

11          For the reasons set forth above, this action is DISMISSED without prejudice as

12   barred by Heck, 512 U.S. at 487.

13          The Clerk shall enclose two copies of the court's form petition with a copy of this

14   order to Plaintiff.

15          **IT IS SO ORDERED.**

16

17   **Dated:** ___12/18/2017___          _____

18                                         EDWARD J. DAVILA
                                          United States District Judge
19

20

21

22

23

24

25   Order of Dismissal
     PRO-SE\EJD\CR.17\01033Barroso_dism(Heck)

26

27

28                                          3